# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
April 5, 2011

No. 10-40417
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

SHIRLEY ANNETTE MCMILLAN,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:09-CR-92-1

Before REAVLEY, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Shirley Annette McMillan appeals her guilty plea conviction for being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). McMillan contends that the district court erred in denying her motion to suppress a firearm found in her home and statements made during an alleged "custodial" interview because Constable Robert Strause failed to inform her of her rights under *Miranda v. Arizona*, 384 U.S. 436, 479 (1966).

In considering a ruling on a motion to suppress, we review a district court's conclusions on Fourth Amendment issues de novo and its factual findings

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

for clear error. *United States v. Gomez-Moreno,* 479 F.3d 350, 354 (5th Cir. 2007). The evidence is considered in the light most favorable to the prevailing party, which in this case is the Government. *United States v. Jones*, 239 F.3d 716, 719 (5th Cir. 2001). "A factual finding is not clearly erroneous as long as it is plausible in light of the record as a whole." *United States v. Jacquinot*, 258 F.3d 423, 427 (5th Cir. 2001). "Where a district court's denial of a suppression motion is based on live oral testimony, the clearly erroneous standard is particularly strong because the judge had the opportunity to observe the demeanor of the witnesses." *United States v. Santiago*, 410 F.3d 193, 197 (5th Cir. 2005).

The district court denied the motion to suppress because it determined that McMillan voluntarily consented to Strause's entry into her home, that she voluntarily consented to a search of her home, and that she was not in custody and was therefore not entitled to *Miranda* warnings. These findings are not clearly erroneous.

First, the district court's finding that McMillan consented to Strause's entry into her home was based on testimony at the suppression hearing. The district court credited Strause's testimony that he requested, and received, consent from McMillan to enter her home; the district court discredited the testimony of the defense witnesses who stated otherwise. Given that this court "will not second guess the district court's factual findings as to the credibility of witnesses," *see United States v. Garza*, 118 F.3d 278, 283 (5th Cir. 1997), the district court did not clearly err in determining that McMillan voluntary consented to Strause's entry into her home. *See id.* Accordingly, the district court did not err by denying McMillan's motion to suppress on this basis.

Second, the district court did not clearly err in determining that McMillan voluntarily consented to Strause's search of her home. In evaluating the voluntariness of McMillan's consent, this court considers six factors:

(1) the voluntariness of the defendant's custodial status; (2) the presence of coercive police procedures; (3) the extent and level of the defendant's cooperation with the police; (4) the defendant's awareness of his right to refuse to consent; (5) the defendant's education and intelligence; and (6) the defendant's belief that no incriminating evidence will be found.

*See Solis*, 299 F.3d at 436 & n.21 (internal quotation marks and citation omitted).  No single factor is dispositive.  *Id.* at 436.

All these factors support a finding that McMillan voluntarily consented to Strause's search.  The record reflects that McMillan voluntarily consented to Strause's entry into her home; she was not handcuffed, arrested, or taken from her home.  Additionally, Strause alone questioned her, and he was the only law enforcement officer present in the home until backup arrived.  There is no evidence that Strause used coercive police tactics, and he did not brandish his weapon.  Further, the door to McMillan's home remained open throughout the questioning.  Although Strause did not inform McMillan that she had the right to withhold consent to a search of her home, McMillan is a convicted felon with numerous arrests and convictions, which leads to the conclusion that she was aware of her rights, including the right to withhold consent to the search.  Further, Strause requested McMillan's consent two times before he began his search, which implied that she had the right to not consent to the search.  There is no evidence that McMillan had below average intelligence or education level, and the district court noted that during the hearing on the motion to suppress "she appeared to understand the questions posed to her."  Finally, when Strause asked McMillan if he could search her home, she replied that she had nothing to hide, thus evidencing her belief that no incriminating evidence would be found.  Based on the totality of the circumstances, the district court did not err by denying the motion to suppress on this basis.  *See Gomez-Moreno,* 479 F.3d at 354, 357.

No. 10-40417

Third, the district court did not clearly err in determining that McMillan was not in custody during Strause's interrogation because McMillan has not shown that a "reasonable person in [her] position would have understood the situation to constitute a restraint on freedom of movement of the degree which the law associates with formal arrest." *See United States v. Courtney*, 463 F.3d 333, 337 (5th Cir. 2006) (internal quotation marks and citation omitted).

McMillan was not handcuffed, arrested, or taken from her home. Only Strause questioned her, and he did not brandish his weapon. Moreover, the record is devoid of any evidence that McMillan asked to leave or asked for an attorney or that Strause informed her that she was not free to leave. Based on the foregoing, the district court did not clearly err in determining that McMillan was not in custody during Strause's interrogation and therefore that he was not obligated to *Mirandize* her. *See United States v. Pofahl*, 990 F.2d 1456, 1487 (5th Cir. 1993) (determining that defendant was not in custody during an interrogation because he voluntarily answered questions in his home, was not arrested, and was not restrained). Consequently, the district court did not err by denying the motion to suppress on this basis.

AFFIRMED.

4